IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NANCY WILLIAMS, *et al.*, | : | |
| | : | Case No. 1:23-cv-01879 |
| Plaintiffs, | : | |
| | : | |
| v. | : | Judge Philip Calabrese |
| | : | |
| CUYAHOGA COUNTY, *et al.*, | : | |
| | : | MOTION TO PROCEED |
| Defendants. | : | WITH INITIALS FOR |
| | : | PLAINTIFF T.T. |

Now comes Plaintiff, T.T., by and through counsel, and does hereby move this Honorable Court for an order allowing her to proceed in the above captioned matter by her initials, for the reasons outlined below.

**I. FACTS**

In October 2021, T.T. was fired from her job in child care when the Ohio Department of Job and Family Services (ODJFS) deemed her ineligible to work in child care after a routine background check of the Statewide Automated Child Welfare System (SACWIS) revealed a substantiated finding of medical neglect regarding her son from June 2020. At the time that the background check was conducted, T.T. had been employed at her job in child care for twelve years. She was unaware that the investigation by the Cuyahoga County Department of Children and Family Services (CCDCFS) had resulted in a substantiated finding. As CCDCFS has refused to provide specific information or evidence which supports the substantiation, T.T. does not know the exact reason for the substantiation. T.T. was never charged with a crime and no petition was filed in juvenile court related to the June 2020 investigation.

T.T. appealed her disposition within CCDCFS. After a meeting in which she was allowed to present information to a three-person panel of CCDCFS employees but no evidence against her was presented, CCDCFS upheld her substantiated disposition. T.T. also asked ODJFS to review her ineligibility to work in child care. ODJFS held no hearing or meeting and affirmed her ineligibility to work in child care for ten years from her substantiated finding with no consideration of her individual situation. Through this lawsuit, T.T. challenges the lack of due process provided in disputing her disposition and considering her eligibility to work in child care.

## II. STATEMENT OF LAW

Federal Rule of Civil Procedure 10(a) states a complaint must name all the parties. In determining whether a plaintiff may proceed anonymously the United States Sixth Circuit Court of Appeals asks "whether a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F. 3d 558, 560 (6th Cir. 2004). In considering this overarching question, the Sixth Circuit considers: "1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information of the utmost intimacy; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children." *Id.* (internal quotations omitted (quoting *Doe v. Stegall,* 653 F.2d 180, 185–86 (5th Cir.1981))). It is also relevant "whether the defendants are being forced to proceed with insufficient information to present their arguments against the plaintiff's case." *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005).

## III. ARGUMENT

T.T.'s interest in privacy strongly outweighs the presumption of openness because she has been labeled neglectful of her child, which this Court has recently called "particularly sensitive information." *Doe v. Cuyahoga County*, Case No. 1:22-cv-01677, 2023 WL 2374870, at *3 (N.D. Ohio

March 6, 2023). Under Ohio law, child welfare information has a presumption of confidentiality. *See* Ohio Revised Code §§ 5101.131, 2151.421(I) and 5153.17 and Ohio Administrative Code § 5101:2-33-21. Although the other Plaintiffs prefer to move forward with their full names, T.T. has reasonable concerns regarding the disclosure of her full name in connection with this lawsuit. After weighing the disclosure of the sensitive information of an abuse or neglect finding, the confidentiality surrounding child welfare records, and the first and second factors laid out by the Sixth Circuit, this Court recently held that a plaintiff challenging the process regarding her disposition of abuse by CCDCFS could proceed under a pseudonym. *Doe*, 2023 WL 2374870, at *3.

### A. T.T. is challenging a governmental activity

Through this suit, T.T. is challenging the lack of due process provided to her by the regulations of the Ohio Department of Job and Family Services (ODJFS) and the policy of the Cuyahoga County Division of Children and Family Services (CCDCFS) in affirming a disposition of neglect of her child. The acts of setting regulations and policies and affirming a disposition of neglect are government activities. In addition, T.T. is challenging the lack of due process around the Ohio Department of Job and Family Services' regulations surrounding eligibility to work in child care and the decision that she is ineligible to work in child care due to this substantiated disposition, which are also government activities.

District courts have elaborated on the first factor to include an analysis of whether in the challenge of governmental activity the individual would have to "reveal their beliefs about a particularly sensitive topic that could subject them to considerable harassment." *Ericksen v. United States*, Case No. 16-cv-13038, 2017 WL 264499, at *2 (E.D. Mich. Jan 20, 2017)(quoting *Doe v. Porter*, 370 F. 3d 558, 560 (6th Cir. 2004)). These particularly sensitive topics have included birth control, abortion, homosexuality, and religious beliefs. *Id.*

Page **3** of **7**

In this lawsuit, T.T. is taking the position that individuals labeled as neglecting or abusing their children should have the opportunity to rigorously challenge that label and be given the opportunity to work in child care. Due process rights for those accused of wrongdoing are not often popular and may subject her to considerable harassment and loss of future employment. Even without considering the effects revealing this unpopular belief may have on a plaintiff, this Court found the first factor weighed in favor of anonymity because the plaintiff challenged the policy of CCDCFS, a governmental entity. *Doe v. Cuyahoga County*, Case No. 1:22-cv-01677, 2023 WL 2374870, at *2 (N.D. Ohio March 6, 2023).

### B. Prosecution of this suit will compel T.T. to disclose information of the utmost intimacy

Regarding the second factor, a party must demonstrate that there is a level of danger that the party or their family may face if the party's identity becomes known. Such dangers may include revelations about personal beliefs and practices that may bring condemnation like that associated with criminal behavior. *Doe v. Porter*, 370 F. 3d 558, 560 (6th Cir. 2004). However, publicly available criminal offense information has not been considered intimate information. *Doe v. Lee*, 599 F. Supp. 3d 701, 704 (M.D. Tenn. 2022).

Here, T.T. would be compelled to reveal an administrative finding of child neglect, which many in the general public would confuse with a criminal conviction of child neglect. However, unlike actual criminal convictions, this administrative finding is generally confidential. The disposition is currently only viewable by child care facilities, youth shelters, and residential facilities where she worked or has applied for a job and by children services organizations looking to place a child in their care. It is otherwise subject to Ohio laws and regulations on the confidentiality of child welfare records. *See* Ohio Revised Code §§ 5101.131, 2151.421(I) and 5153.17 and Ohio Administrative Code § 5101:2-33-21. The disposition has been used to terminate her employment

with a child care facility and its existence could be used by other child care facilities to deny her employment long after the life of this case.

Courts have allowed the use of initials or pseudonyms because abuse of a child is "beyond argument… a highly sensitive issue," *Roe v. Borup*, 500 F. Supp. 127, 130 (E.D. Wis. 1980) and due to the possibility of stigmatization in a plaintiffs professional life. *See Doe v. Hartford Life and Acc. Ins. Co.*, 237 F.R.D. 545, 550 (D. N.J. 2006); *see also DuPuy v. McDonald*, 141 F. Supp.2d 1090, 1134 (N.D. Ill. 2001) (discussing the harm of an abuse or neglect disposition to one's employment prospects), aff'd in relevant part, 397 F.3d 493 (7th Cir. 2005).

In considering this factor in *Doe v. Cuyahoga County*, this Court noted the plaintiff "would have to disclose particularly sensitive information—about DCFS findings and her children" and the Statewide Automated Child Welfare Information System is "highly confidential and released only under strict guidelines set forth in federal and state rules and law." Case No. 1:22-cv-01677, 2023 WL 2374870, at *3 (N.D. Ohio March 6, 2023). This Court, therefore, found that the second factor weighed in favor of Plaintiff's anonymity.

### C. Factors three and four do not apply to T.T.'s request

This litigation will not compel T.T. to disclose an intent to violate the law. T.T. is an adult and the factor regarding anonymity of children does not apply to her. This court found that although factors three and four did not apply in *Doe v. Cuyahoga County*, the overall weight still favored anonymity. Case No. 1:22-cv-01677, 2023 WL 2374870, at *3 (N.D. Ohio March 6, 2023)

### D. Defendants already know the identity of T.T. and will not be prejudiced by not using her full name in the proceedings

In February 2023, Plaintiff's counsel wrote to Defendant Cuyahoga County via Defendants Jacqueline Fletcher and Chris Ronayne and to Defendant Matt Damschroder regarding concerns about the due process provided to individuals challenging their abuse and neglect dispositions and the bar to employment in child care. In that letter, attached to the complaint as exhibit 7, T.T's full

name was used and thus Defendants will not be prejudiced by T.T.'s proceeding in this case using her initials.

## V. CONCLUSION

This Court should follow the recent decision in *Doe v. Cuyahoga County*, Case No. 1:22-cv-01677, 2023 WL 2374870, at *3 (N.D. Ohio March 6, 2023), allowing the plaintiff to move forward without use of their full name in the context of a challenge to procedures surrounding an administrative finding of abuse or neglect. This suit challenges government action and requires revelation of information of the utmost sensitivity. Additionally, proceeding with initials will not compromise the Defendants' ability to present arguments against Plaintiff's case.

Respectfully Submitted,

/s/ Danielle Gadomski Littleton
Danielle Gadomski Littleton (0087704)
Jennifer Kinsley Smith (0090769)
Eric Zell (0084318)
The Legal Aid Society of Cleveland
1223 West Sixth Street
Cleveland, Ohio 44113
Ph. (216) 861-5767 – DGL
Ph. (216) 861-5443 – JKS
Ph. (216) 861-5202 - EZ
Fax (216) 861-0704
dglittleton@lasclev.org
jsmith@lasclev.org
ezell@lasclev.org

***Counsel for Plaintiffs***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served upon all parties along with a copy of the complaint in the above captioned matter by certified mail on September 28, 2023.

_____
Danielle Gadomski Littleton
**Counsel for Plaintiffs**