UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NANCY WILLIAMS, *et al.*, | ) | Case No. 1:23-cv-1879 |
| | ) | |
| Plaintiffs, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jennifer Dowdell Armstrong |
| CUYAHOGA COUNTY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**OPINION AND ORDER**

Three Plaintiffs, Nancy Williams, Justin Williams, and an individual currently identified as T.T., filed suit challenging the administrative processes within the Ohio Department of Child Services and Cuyahoga County that investigate and make administrative findings of child abuse and neglect. One of the plaintiffs, T.T., seeks to proceed pseudonymously using her initials. (ECF No. 6.) Defendants oppose. (ECF No. 21.) For the reasons that follow, the Court **DENIES** Plaintiff T.T.'s motion to proceed in this matter using only her initials.

**FACTUAL AND PROCEDURAL BACKGROUND**

According to her motion, Plaintiff T.T. worked in childcare for over a decade. (ECF No. 6, PageID #79.) In 2020, she was allegedly fired as a result of a substantiated finding of medical neglect by the Cuyahoga County Department of Children and Family Services. (*Id.*) Though never charged with a crime and no proceedings in juvenile court followed, T.T. unsuccessfully appealed that administrative finding. (*Id.*, PageID #80.)

Along with two others, Plaintiff T.T. filed a complaint against Cuyahoga County and three individuals in their official capacities as directors or officers of Cuyahoga County and the Ohio Department of Job and Family Services, citing violations of Plaintiffs' rights to Due Process under the Fourteenth Amendment. (ECF No. 1.) Also, Plaintiff T.T. filed this motion to proceed on initials. (ECF No. 6.) After the Court granted an extension of time (ECF No. 18), Defendants timely responded, opposing Plaintiff's motion. (ECF No. 21.)

## ANALYSIS

A motion to proceed by pseudonym invites a court to weigh a plaintiff's privacy interests against the strong presumption favoring open judicial proceedings. *See Doe v. Porter,* 370 F.3d 558, 560 (6th Cir. 2004); *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983). Generally, "[t]he public has a right to know who the parties are." *Signature Mgmt. Team, LLC v. Doe*, 323 F. Supp. 3d 954, 959 (E.D. Mich. 2018) (citing *Signature Mgmt. Team, LLC v. Doe*, 876 F.3d 831, 838 (6th Cir. 2017)). But exceptional circumstances may override that interest.

"Proceeding pseudonymously is the exception rather than the rule, and a plaintiff faces a heavy burden to avoid her obligation under the rules of civil procedure to disclose her identity." *Doe v. University of Akron*, No. 5:15-cv-2309, 2016 WL 4520512, at *2 (N.D. Ohio Feb. 3, 2016) (internal quotations omitted). The Sixth Circuit identifies four considerations to guide this determination:

> (1) Whether the plaintiffs seeking anonymity are suing to challenge governmental activity;

    (2)    Whether the prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy";

    (3)    Whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and

    (4)    Whether the plaintiffs are children.

*Porter*, 370 F.3d at 560 (quoting *Doe v. Stegall*, 623 F.2d 180, 185–86 (5th Cir. 1981)). Courts also consider whether allowing a plaintiff to proceed by pseudonym would force a defendant to litigate with insufficient information to defend its case. *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005).

In this case, Defendants already know T.T's identity as a result of communications before the lawsuit. (ECF No. 6, PageID #83–84.) Accordingly, Defendants have sufficient information regarding the identity of T.T. to prepare their respective cases. Further, Plaintiff acknowledges that the third and fourth factors do not apply on the facts alleged. (*Id.*, PageID #83.) Therefore, the Court focuses on the remaining considerations.

## I. Challenging Governmental Activity

Plaintiffs challenge the administrative process relating to findings of child abuse and neglect. However, the existence of a challenge to government activity does not substantiate a finding of anonymity on its own. *Stegall*, 653 F.2d at 186. Instead, this factor requires a court to examine whether, in challenging governmental activity, the "plaintiffs [must] reveal their beliefs about a particularly sensitive topic that could subject them to considerable harassment." *Ericksen v. United States*, No. 16-

3

cv-13038, 2017 WL 264499, at *2 (E.D. Mich. Jan. 20, 2017) (quoting *Porter*, 370 F.3d at 560).

Plaintiff T.T argues that her involvement in this case will require revealing her belief that people with administrative findings of neglect should be able to challenge that label and continue working in childcare. (ECF No. 6, PageID #82.) She maintains that this belief is sufficiently sensitive to warrant proceeding with a pseudonym. (*Id.*) While Plaintiff will likely have to provide further details about her own experience, the core of Plaintiff's claims and arguments involve governmental processes, not T.T.'s personal views on child abuse or neglect itself. To the extent that proceeding with this litigation by name requires the disclosure of beliefs that might rise to the level the law contemplates under this facts, T.T. alleges that she already has suffered adverse consequences, but there is no reasonable basis to believe that she will suffer further harassment as a result of this litigation. And a belief that a person is entitled to greater due process is unlikely to require disclosure of beliefs of a sufficiently sensitive nature to invite harassment. This factor does not compel a finding that proceeding by pseudonym is appropriate.

## II.     Disclosure of Intimate Information

Next, the Court examines whether Plaintiff T.T will be forced to disclose information "of the utmost intimacy" during the litigation. *Porter*, 370 F.3d at 560. Litigants must demonstrate that they or their family may be subject to a level of danger and condemnation if their identity becomes known, similar to that associated with criminal behavior. *Id.* Plaintiff T.T. argues that the public might equate her administrative finding of child neglect with a criminal conviction. (ECF No. 6,

4

PageID #82.) Further, she asserts that, unlike a criminal conviction, administrative findings are highly confidential. (*Id.*, PageID #83.)

Defendant counters that an administrative finding of child neglect does not rise to the level required to make proceeding under a pseudonym appropriate. (ECF No. 21, PageID #166.) Courts reject such requests where proceedings required revealing the identity of adults who had allegedly been child pornography victims, *see K.R.B. v. Elizabethtown Indep. Sch. Dist.*, No. 3:17-cv-605, 2017 WL 11483915, at *1 (W.D. Ky. Dec. 7, 2017); disclosing disabilities, *Doe v. Carson*, Nos. 19-1566/19-1714, 2020 WL 2611189, at *2 (6th Cir. May 6, 2020); and the disclosure of psychological issues and associated medications, *Doe v. University of Akron*, No. 5:15-cv-2309, 2016 WL 4520512, at *3–5 (N.D. Ohio Feb. 3, 2016). Though the Court appreciates the sensitive nature of Plaintiff T.T's disclosure, it does not find that this concern outweighs the presumption of openness—at least not on the facts presented here. After all, the other two Plaintiffs elected to proceed by name, signaling that the significance of the legal issues in the litigation outweigh the stigma from the nature of the allegations involved.

Finally, Plaintiff argues that this case should be decided in line with another recent ruling from the Northern District of Ohio, which found that proceeding by pseudonym was appropriate where the plaintiff would be likely to disclose sensitive information "about DCFS findings and [the plaintiff's] children." *Doe v. Cuyahoga Cnty*, No. 1:22-cv-1677, 2023 WL 2374870, at *3 (N.D. Ohio March 6, 2023). (ECF No. 6, PageID #83.) There, the plaintiff was not litigating alongside other similarly

5

situated plaintiffs who proceeded using their full names. Additionally, the defendants in that case did not oppose the plaintiff's motion to proceed by pseudonym. *Id.*, at *1. Therefore, the ruling in *Doe* might be appropriate on its facts, but is not persuasive on the different facts presented here.

On the record before it, the Court finds that revealing details about an administrative finding of neglect does not rise to the required level of utmost intimacy.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff T.T's motion to proceed with initials. If the case withstands Defendants' motion to dismiss, the Court will set an amendment deadline, by which time Plaintiff shall amend the complaint to comply with this Order.

**SO ORDERED.**

Dated: February 7, 2024

	J. Philip Calabrese
	United States District Judge
	Northern District of Ohio