IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NANCY WILLIAMS, *et al.*, ) | CASE NO.: 1:23-cv-01879 |
| ) | |
| Plaintiff, ) | JUDGE J. PHILIP CALABRESE |
| ) | |
| vs. ) | |
| ) | |
| CUYAHOGA COUNTY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS CUYAHOGA COUNTY, CHRIS RONAYNE, AND JACQUELINE FLETCHER'S RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

The County Defendants do not concede that the Supreme Court of Ohio holding in *Kyser v. Summit County Children Services*, 2024-Ohio-2898 forecloses an alleged perpetrator's ability to appeal a disposition under R.C. 2506. A person may appeal a final order of an agency that determines their "rights, duties, privileges, benefits, or legal relationships." R.C. 2506. The Supreme Court of Ohio determined, "[w]hile certain consequences for a person accused of child abuse may result from an agency's finding that the abuse allegation is substantiated, ***the agency's disposition itself does not determine those consequences***." (Emphasis added.) *Kyser* at ¶ 2. "The immediate consequence of the disposition was that it was noted in the SACWIS. No further consequences for Kyser are required by R.C. 2151.421." *Id.* at ¶ 15. After analyzing Kyser's purported consequences, the Court held the agency's disposition

1

did not conclusively or authoritatively determine any of those consequences, including her loss of employment. *Id.* at ¶ 20.

In *M.F. v. Cuyahoga Cnty. Div. of Child. & Fams.*, 2024-Ohio-3306, (8th Dist.), Cuyahoga County argued that *M.F.* was indistinguishable from *Kyser*. After analyzing the alleged harm, the Court of Appeals determined M.F.'s alleged harms were "too speculative" to show that the disposition determined her "rights, duties, privileges, benefits, or legal relationships." *Id.* at ¶ 25. Accordingly, *Kyser* leaves open the possibility for an alleged perpetrator with conclusive and non-speculative harms to pursue a 2506 appeal.

Contrary to Plaintiffs' assertion, the holding in *Kyser* **does** affect the liberty analysis under the Fourteenth Amendment. The holding is instructive and confirms that Plaintiffs do not have a liberty interest. R.C. 2506.01 provides the minimal threshold a plaintiff must meet under state law to have a final order. The substantiated dispositions in *Kyser* and *M.F.* could not clear the low procedural threshold of being a final order, thereby conferring subject matter jurisdiction upon the trial court. If an alleged perpetrator with a substantiated disposition does not have a present and substantial interest under R.C. 2506.01's low bar, it follows that they cannot meet the higher constitutional standard of establishing a liberty deprivation.

Respectfully submitted:

MICHAEL C. O'MALLEY, Prosecuting
Attorney of Cuyahoga County, Ohio

*/s/ Regina A. Russo*
MATTHEW D. GREENWELL (0077883)
REGINA A. RUSSO (0100295)
Assistant Prosecuting Attorneys
The Justice Center, Courts Tower –8th Floor
1200 Ontario Street
Cleveland, Ohio 44113
(216) 443-7763
(216) 443-7602 (Fax)
mgreenwell@prosecutor.cuyahogacounty.us
rrusso@prosecutor.cuyahogacounty.us
*Counsel for Defendants Cuyahoga County,*
*Cuyahoga County Executive Chris Ronayne,*
*Cuyahoga County Division of Children and*
*Family Services Director Jacqueline Fletcher*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that the foregoing was filed electronically on this 6th day of September, 2024, and that notice of filing will be sent to all parties via operation of the Court's electronic filing system.

*/s/ Regina A. Russo*
REGINA A. RUSSO (0100295)
Assistant Prosecuting Attorney

3